UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIBN DAVIDSON-SALAS et al.,   )<br>                                )<br>     **Plaintiffs**          )<br>                                )<br>v.                              )<br>                                )<br>NAHGA, INC.                     )<br>d/b/a NAHGA CLAIM SERVICES )<br>                                )<br>     **Defendants**         ) | Nos.  2:25-cv-00604-KFW<br>       2:25-cv-00632-KFW<br>       2:25-cv-00645-KFW |

**ORDER ON MOTION TO CONSOLIDATE CASES
AND APPOINT INTERIM CLASS ACTION COUNSEL**

There are presently three separately filed but related data security cases pending against the Defendant NAHGA, Inc. Plaintiffs—Justin Davidson-Salas (2:25-cv-00604-KFW), Tiffany B. Arnett (2:25-cv-00632-KFW), and Amber Rich (2:25-cv-00645-KFW)—now seek to consolidate their related actions and appoint interim class counsel. *See* Unopposed Motion (ECF No. 11). The Defendants do not oppose consolidation and take no position on the appointment of interim class counsel. For the reasons set forth below, the Plaintiffs' motion is granted.

**I. Consolidation**

Federal Rule of Civil Procedure 42(a)(2) provides that courts may consolidate pending actions that "involve a common question of law or fact." The purpose of Rule 42(a) "is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Arthur R. Miller,

*Federal Practice and Procedure* § 2381, Westlaw (database updated September 2025).

The First Circuit uses a two-step framework to determine whether to consolidate. *See Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8-9 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Id.* at 8. If so, "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* Consolidation is typically "granted unless the party opposing it can show demonstrable prejudice." *Id.* (cleaned up).

Here, the related actions involve a common party and present common questions of fact and law. Each action (1) names NAHGA, Inc. as a defendant; (2) arises from the same operative facts, specifically the Defendants' alleged failure to implement reasonable data protection and security practices, which resulted in the exposure of the Plaintiffs' personal information during a data breach; (3) alleges negligence, unjust enrichment, and various breach of contract claims, among others; and (4) seeks similar damages and some form of declaratory judgment or injunctive relief. *See, e.g.*, Davidson-Salas Complaint (ECF No. 1), No. 2:25-cv-00604-KFW, at 21-45.

Furthermore, any differences among the related actions are outweighed by the advantages of consolidation. As discussed above, these actions share substantial overlapping factual and legal issues, increasing the likelihood that they will require many of the same documents and witnesses as litigation proceeds. Consolidating the actions at this early stage will prevent duplicative discovery, thereby conserving time

and resources for both the court and the parties, without causing delay. *See Carr v. Analogic Corp.*, Nos. 18-cv-11301-ADB, 18-CV-11557-ADB, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018) (stating that class actions are "particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved").

## II.  Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) permits the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Before designating counsel, the court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; (4) "the resources that counsel will commit to representing the class"; and (5) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A)-(B).

The Plaintiffs request the appointment of Attorneys Cassandra P. Miller of Strauss Borrelli PLLC, Marc H. Edelson of Edelson Lechtzin LLP, and Daniel Srourian of Srourian Law Firm, P.C., as Interim co-lead class counsel. *See* Unopposed Motion at 6. Upon review of Attorneys Miller's, Edelson's, and Srourian's significant involvement in and commitment to prosecuting these actions to date,

*see* Unopposed Motion at 7-9, as well as their demonstrated knowledge, resources, and professional experience, *see id.* at 8-17; *see also* ECF Nos. 11-1-11-3, I am satisfied they are qualified to serve as interim co-lead class counsel in this matter.

### III. Conclusion

For the foregoing reasons, the Plaintiffs' motion is **GRANTED** and I hereby **ORDER** that (1) Attorneys Cassandra P. Miller of Strauss Borrelli PLLC, Marc H. Edelson of Edelson Lechtzin LLP, and Daniel Srourian of Srourian Law Firm, P.C., shall serve as interim co-lead class counsel; (2) the Plaintiffs shall file an amended class action complaint by February 27, 2026; (3) all deadlines to file an answer are stayed and shall be reset after the amended class action complaint is filed (the parties may file a proposed scheduling order); and (4) *Davidson-Salas v. NAHGA, Inc.*, 2:25-cv-00604-KFW is designated as the lead case and shall be consolidated with the following related cases: Nos. 2:25-cv-00632-KFW, 2:25-cv-00645-KFW.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: January 13, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge